UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK,<br><br>           *Plaintiff*,<br><br>-against-<br><br>LIFEWATCH INC. and LIFEWATCH SECURITY INC., each doing business as Lifewatch-USA, and<br>SAFE HOME SECURITY, INC.,<br><br>           *Defendants*. | 1:15-cv-5708<br><br>**COMPLAINT** |

**INTRODUCTION**

1. This action arises out of telephone calls, made by, on behalf of, or with the authorization of Lifewatch Inc., and Lifewatch Security Inc., and Safe Home Security, Inc. The telephone calls were made by the use of automatic equipment that incorporates a storage capability of telephone numbers to be called and is used, working alone or in conjunction with other equipment, to randomly, or sequentially, disseminate a prerecorded message to the telephone number called without the use of an operator (the "Automated Calls").

2. The legal claims arise under a federal statute and a New York statute: the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p.

3. Plaintiff seeks statutory damages, injunctive relief, legal fees, and costs.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's federal-law claims under 28 U.S.C. Section 1331, and has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. Section 1367(a).

5.	Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## PARTIES

6.	Plaintiff, Todd C. Bank ("Bank"), is a resident of the Eastern District of New York

7.	Defendant Lifewatch Inc. ("Lifewatch"), doing business as Lifewatch-USA, is a corporation organized and existing under the laws of New York, and has a principal place of business at 266 Merrick Road, Suite 104, Lynbrook, New York 11563.

8.	Defendant Lifewatch Security Inc. ("Lifewatch Security"), doing business as Lifewatch-USA, is a corporation organized and existing under the laws of New York, and has a principal place of business at 266 Merrick Road, Suite 104, Lynbrook, New York 11563.

9.	Defendant Safe Home Security, Inc. ("Safe Home Security"), is a corporation organized and existing under the laws of Connecticut, and has a principal place of business at 55 Sebethe Drive, Suite 201, Cromwell, Connecticut 06416.

## FACTS

10.	Beginning on July 21, 2015, Bank received, on his residential telephone line, four telephone calls, upon whose answering an artificial or prerecorded voice stated, either verbatim or in substance, "attention, all senior citizens," referred to a fictitious organization including the "American Institute of Aging" and the "Center for Aging," and claimed that these organizations were asking all senior citizens to listen to the message and thereupon stated that the fictitious organization was giving away medical-alert systems for which the organization had paid. The message then requested that the recipient of the call "press 1" to confirm the recipient's address and "set up a delivery date." Upon pressing "1," Bank was transferred to a live person (the "first transferee"), to whom Bank provided the requested information (some of which was false). The first transferee then transferred Bank to what the first transferee called the "shipping department"; and the transferee at

2

the "shipping department," who was also a live person (the "second transferee"), stated that he/she was an employee of Lifewatch and identified the website of Lifewatch as www.lifewatch-usa.com, which has, at all relevant times, been owned and/or operated by Lifewatch and Lifewatch Security.

11. The dates, times, and Caller ID information for the Automated Calls were:

| Call No. | Date | Time | Caller ID |
|---|---|---|---|
| 1 | July 21, 2015 | 12:32 pm | Hartwell GA; 706-805-0637 |
| 2 | August 3, 2015 | 4:52 pm | Trinidad CA; 707-677-8583 |
| 3 | September 3, 2015 | 12:34 pm | New York, NY; 718-285-7209 |
| 4 | September 21, 2015 | 2:41 pm | Customer Servic[e]; 458-201-1356 |

12. Lifewatch and Lifewatch Security do business as LifeWatch-USA.

13. Safe Home Security owns Lifewatch and Lifewatch Security.

14. Safe Home Security, along with Lifewatch and Lifewatch Security, jointly provide services with respect to the medical-alert system that the Automated Calls concerned.

15. The Automated Calls were made with automatic equipment that incorporates a storage capability of telephone numbers to be called and is used, working alone or in conjunction with other equipment, to randomly, or sequentially, disseminate a prerecorded message to the telephone number called without the use of an operator.

16. The Automated Calls did not state, at the beginning of the call, the name of the person or on whose behalf the message was being transmitted.

17. The Automated Calls did not state, at the end of such message, the address and telephone number of the person on whose behalf the message was transmitted.

18. Prior to receiving the Automated Calls and any additional calls that he received, Bank had not given prior express written consent for anyone to make the Automated Calls.

19. Each of the Automated Calls was made pursuant to a contract to which at least one Defendant was a party, and each Defendant that was not a party had, with the intent and expectation

3

of financially benefitting from the Automated Calls, authorized the other Defendant(s) to enter into such contract.

20. In order to receive the medical-alert system that the Automated Calls concerned, Bank was required to pay a "monthly monitoring fee" to Lifewatch.

## FIRST CAUSE OF ACTION

21. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "20" inclusive of this Complaint as if fully set forth herein.

22. The placement of the telephone calls described herein violated 47 U.S.C. Section 227(b)(1)(B).

23. Bank is entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(B).

24. In the event that Lifewatch, Lifewatch Security, or Safe Home Security willfully or knowingly violated 47 U.S.C. Section 227(b)(1)(B), Bank is entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

25. Bank is entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining Lifewatch, Lifewatch Security, and Safe Home Security from violating 47 U.S.C. Section 227(b)(1)(B).

## SECOND CAUSE OF ACTION

26. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "20" inclusive of this Complaint as if fully set forth herein.

27. The placement of the telephone calls described herein violated New York General Business Law Section 399-p(3)(a).

28. Bank is entitled to statutory damages of $50 pursuant to New York General Business

Law Section 399-p(9).

29.     Bank is entitled to an Order, pursuant to New York General Business Law Section 399-p(9), enjoining Lifewatch, Lifewatch Security, and Safe Home Security from violating New York General Business Law Section 399-p(3)(a)

30.     Bank is entitled to reasonable legal fees pursuant to New York General Business Law Section 399-p(9).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a)     Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1)(B);

(b)     Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages per violation of 47 U.S.C. Section 227(b)(1)(B), in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendants' violations were made knowingly or willfully;

(c)     Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendants from violating 47 U.S.C. Section 227(b)(1)(B);

(d)     Pursuant to New York General Business Law Section 399-p(9), damages of $50 per violation of New York General Business Law Section 399-p(3)(a);

(e)     Pursuant to New York General Business Law Section 399-p(9), an order enjoining Defendants from violating New York General Business Law Section 399-p(3)(a); and

  (f) The costs and disbursements of this action and such other and further relief as this Court deems just and proper.

Dated: October 2, 2015

                   *s/ Todd C. Bank*
                   TODD C. BANK
                   119-40 Union Turnpike
                   Fourth Floor
                   Kew Gardens, New York 11415
                   (718) 520-7125

                   *Plaintiff Pro Se*