UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK<br><br>*Plaintiff,*<br><br>-against-<br><br>LIFEWATCH INC. and LIFEWATCH SECURITY INC., each doing business as Lifewatch-USA, and SAFE HOME SECURITY, INC.,<br><br>*Defendants.* | 1:15-cv-5708-JG-VMS |

## DISCOVERY PLAN FOR ELECTRONICALLY STORED INFORMATION [~~proposed~~]

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Parties stipulate and agree that the following plan will govern the searching and production of electronically stored information ("ESI") in this matter (the "ESI Discovery Plan").

**A.  SCOPE**

1. Electronic discovery ("e-discovery") will be limited to ESI in the Parties' custody, possession, or control, which includes cloud-based storage, created on or after January 1, 2011.

**B.  SEARCHING**

1. The Parties agree that they may identify, for production, relevant ESI, including structured data[1] and semi-structured or unstructured data.[2]

---

[1] Structured data is information that is identifiable because it is organized in a structure. The most common form of structured data (or structured-data records (SDR)) is a database where specific information is stored based on a methodology of columns and rows. Structured data is also searchable by data type within content. Structured data is understood by computers and is also efficiently organized for human readers.

[2] Semi-structured data or unstructured data is information that either does not have a predefined data model and/or does not fit well into relational tables, is subject to irregularities and ambiguities that make it difficult to understand using traditional computer programs as compared to data stored in fielded form in databases

(continued...)

**Discovery Plan for Electronically Stored**     **Todd C. Bank v. Lifewatch Inc.,** *et al.*
**Information [proposed]**     Case No. 1:15-cv-5708-JG-VMS
–page 2–

    2.     Each Party will be responsible for generating a searching protocol that it believes in good faith will return a reasonably high proportion of responsive documents.

    3.     If search terms are used, within twenty-one (21) days of the execution of this ESI Discovery Plan, the Parties will exchange proposed search terms and strategies that each Producing Party proposes to use to identify responsive ESI.

    4.     If a Producing Party has reason to believe that responsive documents are in a language other than English, the Party will include in its proposed search terms any translated search terms it proposes to use.

    5.     Within seven (7) days of the Parties' exchange of proposed search terms, the Parties will meet and confer to agree on search terms.

    6.     In the event that any Party issues additional requests for production after the meet-and-confer conference described in paragraph (5) of this Section, the Parties will meet and confer within fourteen (14) days of such requests to discuss the need for supplemental search terms and to identify supplemental search terms if any.

**C.     PRODUCTION FORMAT**

    1.     ESI derived from e-mail and other electronically created files (*e.g.*, Microsoft Office files, WordPerfect) will be produced as Bates-labeled portable-date-format ("pdf") images.

---

(...continued)
.  or annotated (semantically tagged) in documents. This includes pure unstructured content such as audio, video, images, and graphics, as well as partially formatted data, including text documents, XML files, e-mails, Facebook and Twitter chats, text messages, and "mixed content" artifacts such as web pages with links, photographs, videos, text, tags, and so on.

**Discovery Plan for Electronically Stored**     **Todd C. Bank v. Lifewatch Inc., *et al.***
**Information [proposed]**     **Case No. 1:15-cv-5708-JG-VMS**
–page 3–

    2.    Documents without standard pagination, such as spreadsheets or desktop databases maintained electronically, will be produced in native format. Any additional structured data production will be limited to existing report formats.

    3.    Web pages, social-media data, and other information not otherwise covered in paragraphs (1) or (2) of this Section will be produced as "screen shots" or "screen captures" unless the Parties agree to perform bulk exports of entire websites and social-media accounts into native format.

    4.    Each Party reserves the right to request native files for documents that are difficult to understand after they have been produced in the format specified herein or that contain potentially relevant embedded information, and such requests will not be unreasonably denied.

    5.    The requesting Party will provide a list of Bates numbers of the documents that it is requesting to be produced in native-file format.

    6.    Within fourteen (14) days of receiving the request described in paragraph (5) of this Section, the producing Party will either (i) produce the requested native files to the extent reasonably practicable or (ii) respond in writing, setting forth its position on the production of the requested documents.

    7.    If the Parties are unable to agree as to the production of the requested documents in native format, the Parties may submit the matter to the Court.

    8.    The Parties agree to produce the following ESI metadata fields to the extent that they ever existed:

**BegBates**: Beginning Bates Number;

**Discovery Plan for Electronically Stored Information [proposed]**
–page 4–

Todd C. Bank v. Lifewatch Inc., *et al.*
Case No. 1:15-cv-5708-JG-VMS

**EndBates**: Ending Bates Number;

**BegAttach**: Beginning Bates Number of the first document in an attachment range;

**EndAttach**: Ending Bates Number of the last document in attachment range;

**Custodian**: Name of the Custodian of the File(s) Produced – Last Name, First Name format;

**FileName**: Filename of the original digital file name;

**NativeLink**: Path and filename to produced Native file;

**EmailSubject**: Subject line extracted from an email message;

**Title**: Title field extracted from the metadata of a non-email document;

**Author**: Author field extracted from the metadata of a non-email document;

**From**: From field extracted from an email message;

**To**: To or Recipient field extracted from an email message;

**Cc**: CC or Carbon Copy field extracted from an email message;

**BCC**: BCC or Blind Carbon Copy field extracted from an email message;

**DateRcvd**: Received date of an email message (mm/dd/yyyy format);

**DateSent**: Sent date of an email message (mm/dd/yyyy format);

**DateCreated**: Date that a file was created (mm/dd/yyyy format);

**DateModified**: Modification date(s) of a non-email document;

**Fingerprint**: MD5 or SHA-1 has value generated by creating a binary stream of the file;

**ProdVolume**: Identifies production media deliverable;

**ExtractedText**: File path to Extracted Text/OCR (*i.e.*, Optical-Character Recognition) File; and

**Redacted**: "Yes," for redacted documents; otherwise, blank.

**Discovery Plan for Electronically Stored**     **Todd C. Bank v. Lifewatch Inc.,** *et al.*
**Information [proposed]**     Case No. 1:15-cv-5708-JG-VMS
–page 5–

9. Documents without standard pagination, such as spreadsheets or desktop databases that are maintained electronically, will be produced as Bates-labeled single-page pdf images.

10. Audio and/or Video files maintained electronically will be produced as native files.

11. The Parties will make reasonable efforts to agree upon the production of data from structured-data stores in existing report formats, or will report formats that can be developed without undue burden.

12. If the issues in the case make exchange of data in a report format insufficient, the Parties should identify the databases or systems incorporating databases that will require raw-data production.

13. A Party is only required to produce a single copy of a responsive document. Parties may de-duplicate stand-alone documents or entire document families globally using MD5 or SHA-1 hash-value matching.[3] ESI that is not an exact duplicate may not be removed.

14. Attachments to e-mails will not be eliminated from the parent e-mail.

15. Paper documents will not be eliminated as duplicates of responsive ESI. To the extent that the Parties de-duplicate stand-alone electronic documents that contain an e-mail attachment, the attachment to the e-mail must be the document that is produced.

16. The Parties will make reasonable efforts to ensure that documents produced in native form are decrypted (or that passwords are supplied).

---

[3] A hash value is a mathematical algorithm that represents a unique value for a given set of data or document, similar to a digital fingerprint.

| | |
|---|---|
| **Discovery Plan for Electronically Stored Information [proposed]** <br> –page 6– | **Todd C. Bank v. Lifewatch Inc.,** *et al.* <br> Case No. 1:15-cv-5708-JG-VMS |

### D. NON-PARTY ESI

1. A Party that issues a non-party subpoena (the "Issuing Party") will include a copy of this ESI Discovery Plan with the subpoena and state that the Parties to the litigation have requested that non-parties produce documents in accordance with the specifications set forth herein.

2. The Issuing Party is responsible for producing any documents obtained under a non-party subpoena to all other Parties.

3. If the Issuing Party receives any hard-copy documents or native files, the Issuing Party will process the documents in accordance with the provisions of this ESI Discovery Plan, and then produce the processed documents to all other Parties.

4. Any documents that the Issuing Party does not intend to process for its own use may be disseminated to all other Parties in the format in which such documents are received by the Issuing Party. If the Issuing Party subsequently processes any such documents, the Issuing Party will produce those processed documents to all other Parties.

5. If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing them to all other Parties.

### F. TEXT- SEARCHABILITY

1. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records; that is, scanned documents should be logically unitized.[4] In the case of an organized compilation of separate

---

[4] Logical unitization is the process of human review of each individual page in an image collection using logical cues to determine which pages belong together as documents. Such cues can be consecutive page
(continued...)

**Discovery Plan for Electronically Stored Information [proposed]**
–page 7–

**Todd C. Bank v. Lifewatch Inc., et al.**
Case No. 1:15-cv-5708-JG-VMS

documents (for example, a binder containing several separate documents behind numbered tabs), the document behind each tab should be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document and attachment fields. The Parties will make their best efforts to unitize the documents correctly.

2. If an ESI document is not text-searchable, the Producing Party will make it text-searchable unless doing so is infeasible.

3. The parties agree to produce the following ESI data with respect to paper documents:

**BegBates**: Beginning Bates Number;

**EndBates**: Ending Bates Number;

**BegAttach**: Beginning Bates Number of the first document in an attachment range;

**EndAttach**: Ending Bates Number of the last document in attachment range;

**Custodian**: Name of the Custodian of the File(s) Produced – Last Name, First Name format; and

---

(...continued)
numbering, report titles, headers and footers, and other logical indicators.

| | |
|---|---|
| **Discovery Plan for Electronically Stored Information [proposed]** <br> –page 8– | **Todd C. Bank v. Lifewatch Inc.,** *et al.* <br> Case No. 1:15-cv-5708-JG-VMS |

Dated: December 30, 2015

___*s/ Todd C. Bank*___
Todd C. Bank, Attorney at Law, P.C.
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York  11415
(718) 520-7125

By: Todd C. Bank
*Plaintiff Pro Se*

The Sultzer Law Group, P.C.
77 Water St.
New York, New York 10005
(646) 722-4266

*Counsel to Defendants Lifewatch Inc. and  Lifewatch Security Inc.*

By: Joseph Lipari

So Ordered:  1/12/16

___/s/___
Vera M. Scanlon
United States Magistrate Judge