UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
TODD C. BANK, Individually and on
Behalf of All Others Similarly Situated,

              Plaintiff,

-against-

LIFEWATCH INC. and LIFEWATCH
SECURITY INC., each doing business as
Lifewatch-USA; SAFE HOME
SECURITY, INC.; and EVAN SIRLIN,

              Defendants.
------------------------------------------------------x
TODD C. BANK,

              Plaintiff,

-against-

LIFEWATCH INC. and LIFEWATCH
SECURITY INC., each doing business as
Lifewatch-USA; SAFE HOME
SECURITY, INC.; and EVAN SIRLIN,

              Defendants.
------------------------------------------------------x



NOT FOR PUBLICATION
**ORDER**
15-CV-2278 (CBA) (VMS)

15-CV-5708 (CBA) (VMS)

**AMON, United States District Judge**:

      Plaintiff Todd C. Bank filed the instant action against Defendants Lifewatch Inc. and Lifewatch Security Inc. (the "Lifewatch Defendants"), Safe Home Security, Inc. ("Safe Home"), and Evan Sirlin ("Sirlin"), asserting that they made robocalls to his residential phones in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. 227, and the New York General Business Law, N.Y. Gen. Bus. Law § 399-p.

      In both cases, the Court has granted summary judgment in favor of Safe Home and Sirlin. Plaintiff and the Lifewatch Defendants have offered Joint Pretrial Orders and appear ready to

proceed to trial.[1] However, the Court must first address certain pre-trial motions pending on the dockets of the two cases. This Order serves as the disposition of those motions.

## I.    Sanctions Motion

In 15-CV-2278 and pursuant to 28 U.S.C. § 1927, Plaintiff filed a motion for sanctions against the Lifewatch Defendants' counsel. See also United States v. Int'l B'hood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO, 948 F.2d 1338, 1345 (2d Cir. 1991) ("[A]wards pursuant to § 1927 may be imposed only against the offending attorney; clients may not be saddled with such awards."). Plaintiff expressly waives any sanctions relief against the Lifewatch Defendants themselves under Rule 11 of the Federal Rules of Civil Procedure. (See 15-CV-2278, Br. at 2, D.E. # 120.) In the instant motion, Plaintiff complains about statements the Lifewatch Defendants have made in two documents: (1) their initial brief in support of their summary judgment motion, (15-CV-2278, D.E. # 96), and (2) a response to Plaintiff's pre-motion conference letter related to the instant sanctions motion, (15-CV-2278, D.E. # 108). But for the reasons stated below, the Court declines to issue sanctions.

Plaintiff largely alleges that they are defamatory misrepresentations. A review of the statements Plaintiff cites in his briefing reveals that counsel for the Lifewatch Defendants at worst had sharp elbows in some parts and made ambiguously phrased statements in others. The statements were not so disparaging as to evince an intent by counsel to "prejudic[e] this Court against" Plaintiff. (Br. at 6.)

In any event, even if the statements constituted defamatory, ad hominem attacks on Plaintiff, he would not be entitled to relief under § 1927. In relevant part, the statute provides that

---

[1] Both cases are now individual actions. Although 15-CV-2278 began as a purported class action, Plaintiff has never moved for class certification, has submitted a proposed pre-trial order without any class claims, and accordingly has forfeited his right to class certification.

2

"[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Accordingly, the Court must focus on attorney "conduct" that "multiplies" court proceedings "unreasonably and vexatiously." See, e.g., Bowler v. U.S. I.N.S., 901 F. Supp. 597, 604 (S.D.N.Y. 1995) ("Unlike Rule 11 sanctions[,] which focus on particular papers, the inquiry under § 1927 is on a course of conduct."). The statute imposes a duty "to avoid dilatory tactics." Int'l B'hood of Teamsters, 948 F.2d at 1345. The Court must decide whether the "attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id. (emphasis added); see also Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 591 (2d Cir. 2016) (requiring "conduct constituting or akin to bad faith").

Here, counsel's conduct did not "multipl[y]" court proceedings. As stated above, Plaintiff focuses on the initial summary judgment brief and response to Plaintiff's pre-motion conference letter. These filings did not unnecessarily delay litigation, and counsel for the Lifewatch Defendants had good reason to make them. With respect to the letter, an opposing party is entitled, and in fact required, to respond to a litigant's request for a pre-motion conference. Cf. Indiv. Mot. Pracs. & Rs. 3(A) ("All parties so served must serve and file a letter response . . . ."). As for the summary judgment brief, Plaintiff cannot credibly claim that the filing delayed litigation. The brief contained meritorious arguments, and the Court granted the Lifewatch Defendants' motion in part, (see D.E. dated July 7, 2017). Accordingly, Plaintiff is not entitled to relief under § 1927. The Court denies his motion.[2]

---

[2] The Lifewatch Defendants ask the Court to order Plaintiff to show cause why it should not sanction him for a Rule 11(b) violation. The Court does not believe that his arguments were frivolous or that he filed his sanctions motion to harass or needlessly increase litigation costs. The Court declines to issue the order. However, the Court warns the parties that they should tread carefully with respect to future accusations of sanctionable conduct.

3

## II. Order to Show Cause

In 15-CV-5708, the Honorable Vera M. Scanlon, United States Magistrate Judge, issued a July 14, 2017, Scheduling Order, directing the parties to file a revised proposed joint pre-trial order by August 11, 2017. (15-CV-5708, D.E. # 64 at 1.) The parties failed to meet the deadline, and the Court ordered Plaintiff to show cause why it should not dismiss the action for his failure to prosecute. (15-CV-5708, D.E. dated Oct. 25, 2017.) In response, Plaintiff stated that, "due to [his] work on some other cases that have been taking up an inordinate amount of [his] time during the past several months . . . , [he] kept attending to those other matters while waiting for the pressure of them to subside, at least temporarily, before addressing the joint pre-trial order," and that he "do[es] not see a basis for contending that a dismissal would be unfair or improper." (15-CV-5708, D.E. # 70 ¶¶ 4–5.) Still, the parties jointly represented that they consent to proceeding with trial. (15-CV-5708, D.E. # 68.) Moreover, they have filed a proposed pre-trial order responsive to Magistrate Judge Scanlon's July 14, 2017, Scheduling Order. In light of its preference for having cases decided on the merits, the Court declines to dismiss the case.

## III. Motion to Consolidate

On November 9, 2017, the Lifewatch Defendants filed a letter requesting a pre-motion conference for their expected motion to consolidate for trial the matters in the instant actions. (15-CV-2278, D.E. # 115; 15-CV-5708, D.E. # 67.) In his response, Plaintiff states his consent to consolidation. (15-CV-2278, D.E. # 117; 15-CV-5708, D.E. # 71.) In light of Plaintiff's consent, the Court construes the pre-motion conference letter as the consolidation motion and grants it. In relevant part, Rule 42 of the Federal Rules of Civil Procedure provides that, "[i]f actions before the court involve a common question of law or fact, the court may . . . join for hearing or trial any or all matters at issue in the actions . . . ." The Court should grant consolidation to "expedite trial

and eliminate unnecessary repetition and confusion," so long as the "savings of expense and gains of efficiency can be accomplished without sacrifice of justice." Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (emphasis in original). Here, the Lifewatch Defendants make a persuasive argument as to why the Court should consolidate the matters for trial. As they note, the counsel, "parties, allegations, causes of action, and defenses are nearly identical," and the "only variation[s]" are the "number and dates of the phone calls allegedly received by" Plaintiff. (15-CV-2278, D.E. # 115 at 2; 15-CV-5708, D.E. # 67 at 2.) Given the near identity of the matters in both actions, the Court finds it wasteful to have two separate trials. And the Court sees no reason why consolidation would interfere with the interests of justice in either case. The Court accordingly grants the Lifewatch Defendants' motion to consolidate for trial all matters in 15-CV-2278 and 15-CV-5708.

### IV. Joint Pretrial Orders

Discovery in both actions has ended, and the parties have filed their final proposed Joint Pretrial Orders, (15-CV-2278, D.E. # 116; 15-CV-5708, D.E. # 69). In the proposed orders, Defendants request that, "pursuant to FRCP 56(e)(4), the [C]ourt should issue an order reflecting that the unrefuted statements of fact asserted by [D]efendants in connection with the FRCP 56 motion should be deemed admitted for purposes of trial." (15-CV-2278, D.E. # 116 at 3; 15-CV-5708, D.E. # 69 at 3.) Although Rule 56(e)(4) of the Federal Rules of Civil Procedure authorizes the Court to issue "any . . . appropriate order" in response to a party's failure to "properly address another party's assertion of fact," Defendants fail to cite any case law in which a court has issued an order similar to their requested relief. The Court declines to do so.

Otherwise, the final proposed Joint Pretrial Orders for 15-CV-2278 and 15-CV-5708 comply with the Court's Individual Motion Practices and Rules. The cases are ready for consolidated trial.

The Lifewatch Defendants have requested a jury trial. Accordingly, the Court schedules it to start on January 22, 2018. To aid the Court in its preparations, the parties are directed jointly to file a letter no later than December 6, 2017, indicating whether they consent to having a magistrate judge select the jury. The parties are also directed to attend a final pre-trial conference on January 5, 2018, at 3:00 p.m. in Courtroom 10D South.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for sanctions in 15-CV-2278 and GRANTS the Lifewatch Defendants' construed motion for consolidation in 15-CV-2278 and 15-CV-5708. In both actions, the parties are directed jointly to the file the letter described above no later than December 6, 2017. As stated above, a final pre-trial conference for both actions is scheduled for January 5, 2018, at 3:00 p.m. in Courtroom 10D South before Judge Carol Bagley Amon. <u>Voir dire</u> for the consolidated jury trial is scheduled to begin on January 22, 2018.

SO ORDERED.

Dated: November 29, 2017
      Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge